# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BRADLEY KEITH SPENCE | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-109 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on April 27, 2010 claiming entitlement to disability benefits due to multiple physical and mental impairments following a neck injury during a 2003 automobile accident (Tr. 485-91, 516, 520-21, 1233).. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on April 12, 2011. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert testified.

On July 27, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council vacated the ALJ's July 27, 2011

decision, and remanded the matter to the ALJ for further proceedings on September 7, 2012. After hearings on February 26 and August 6, 2013, the ALJ issued a decision on October 23, 2012, finding Plaintiff "not disabled." The Appeals Council determined that no basis existed for review of the ALJ's decision on January 15, 2015. Therefore, the January 15, 2015 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the period from December 24, 2008 through his date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).

3. From December 24, 2008 through the date last insured, the claimant had the following "severe" impairments: status/post cervical fusion at C5-C6 in 2004 with chronic neck pain and cervical radicular syndrome, borderline obesity, mild degenerative changes at L4, and a mood disorder with depressive features secondary to his physical condition [20 CFR 404.1520(c)].

4. From December 24, 2008 through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 [20 CFR 404.1520(d), 404.1525 and 404.1526].

5. After careful consideration of the entire record, the undersigned finds that, from December 24, 2008 through the date last insured, the claimant had the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). That is, he could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently,

could stand and/or walk for 2 hours in an 8-hour workday, could sit for 6 hours in an 8-hour workday, and required three breaks not in addition to normal breaks. However, he required the option to alternate between sitting and standing and could only occasionally push and/or pull with the upper extremities. Also, the claimant could not crawl or climb ladders, ropes, and scaffolds. In addition, he could only frequently (not constantly) stoop and could only occasionally engage in all other postural functions. Further, he had to avoid concentrated exposure to extreme cold, heat, and vibration and avoid unprotected height, open bodies of water, commercial driving, hazardous machinery, and uneven terrain. From a mental standpoint, he could relate to supervisors and coworkers appropriately, use judgment appropriately, tolerate routine changes in the work setting, and maintain concentration, persistence, opr pace. However, he could not be exposed to the general public and was limited to performing simple and repetitive tasks.

6. From December 24, 2008 through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 1, 1963 and was 46 years old, which is defined as a younger individual age 18-44, on December 24, 2008. The claimant subsequently changed age category to a younger age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination fo disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. From December 24, 2008 through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)].

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 24, 2008 through December 31, 2009, the date last insured (20 CFR 404.1520(g)).

(TR. 115-132).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v.*

*Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff sets forth one point of error. Plaintiff contends that the ALJ's finding is not supported by substantial evidence because it fails to contain any upper extremity limitations noting that no physician has "endorsed" the limitations the ALJ identified. Plaintiff contends that there are significant limitations in his reaching and handling which undermine the RFC given by the ALJ.

The ALJ noted that Plaintiff complained that his arms and hands went numb periodically, which was likely due to his cervical radiculopathy. However, the ALJ noted no objective medical evidence of manipulative limitations during the relevant time period. TR. 127. The ALJ noted that, although prior to the relevant time period there was support for restrictions on manipulations, nothing in the relevant time period supported such a conclusion. TR. 128.

Plaintiff relies on earlier records in support of his position. TR1170. However, those records before the relevant time period only note mild carpal tunnel syndrome, noting that the EMG and nerve conduction study failed to show any radiculopathy.

The ALJ thoroughly discussed all medical opinions and indicated the support given to each opinion noting that some opinions were inconsistent with those previously given. TR. 129. Plaintiff's counsel cross-examined the ME at length about Plaintiff's carpal tunnel syndrome. The ME testified that Plaintiff was treated for cervical problems, not carpal tunnel syndrome. TR. 246. Although Plaintiff was given splints by the VA, he testified that he was no longer using them. TR 246. The ME further testified that, if Plaintiff had mild carpal tunnel syndrome, then he could

engage in frequent handling and fingering. The jobs identified by the VE could be performed by someone who could frequently handle and finger in performance of the task. The ME stated that, even with mild carpal tunnel syndrome and the evidence he reviewed, Plaintiff could so engage in such tasks. TR. 249.

The 2008 records of Dr. Tariq, which the Plaintiff cites as supporting his claim for limitations on fingering, deal only with cervical pain. There is no notation by Plaintiff that he was having problems with his hands. TR. 640. The report furnished by his pain management doctor to Unimerica contains no diagnosis of carpal tunnel syndrome. TR. 645. Again, in 2009, Plaintiff only complains about pain in his back and neck. There is no mention of problems with his hands. TR. 646. No state medical examiner found any manipulative limitations. TR 715.

The Court finds that the ALJ thoroughly discussed the medical evidence of record and gave her reasons for the RFC assigned. The ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) This Court may not substitute its judgment for that of the Commissioner. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). There was substantial evidence to support the decision.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

SIGNED this 31st day of August, 2016.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE